721 So.2d 1063 (1998)
Robert L. BANKS
v.
Mary Jo WRIGHT, M.D., The State of Louisiana Through the Department of Health and Hospitals, Earl K. Long Medical Center.
No. 97 CA 1869.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Alicia R. Hoover, Baton Rouge, for Plaintiff/Appellee Robert L. Banks.
Sydney Picou-Kendrick, Baton Rouge, for Defendant/Appellant State of Louisiana, through the Louisiana Health Care Authority, Earl K. Long Medical Center.
Before LeBLANC, FOGG, PARRO, FITZSIMMONS and CHIASSON, JJ.
LeBLANC, Judge.
The plaintiff, Robert L. Banks, brought this action against the defendants, Mary Jo Wright, M.D., the State of Louisiana through the Louisiana Health Care Authority,[1] and *1064 Earl K. Long Medical Center, claiming the defendants committed a medical battery upon him on August 15, 1995, while he was a patient at the defendant hospital. In response to the action, the Louisiana Health Care Authority and Earl K. Long Medical Center, hereinafter collectively referred to as "the State," filed exceptions of prematurity and lack of subject matter jurisdiction, which were denied by the trial court. The State has appealed the denial of these exceptions. For the reasons set forth below, we conclude that the trial court erred in rejecting the exceptions and reverse.
Mr. Banks was admitted to the defendant hospital on August 14, 1995, for an aortofemoral bypass, scheduled for August 15, 1995. When Mr. Banks awoke on August 15, 1995, he discovered he had been circumcised during surgery. He was not informed of the possibility that a circumcision would be performed, nor did he give his consent for a circumcision. He filed suit in the 19th Judicial District Court alleging an "intentional tort, medical battery". The State filed exceptions of prematurity and lack of subject matter jurisdiction, asserting a suit alleging medical malpractice by a state health care provider must be brought before a state medical review panel, as set forth in La. R.S. 40:1299.39.1.[2] In oral reasons given at the hearing, the trial judge stated:
[T]he court believes that the [circumcision] that was done on Mr. Banks was done in a professional manner, it was not medical malpractice that the defendants performed. [sic] However, the court is going to rule that there was no consent given by Mr. Banks for that procedure. The court is going to deny the exception of prematurity and lack of subject matter jurisdiction, and in so doing the court is ruling that this was a medical battery and will sign the judgment to that effect.
The State has appealed. The sole issue presented by this appeal is whether the trial court erred in ruling plaintiff's suit involved a medical battery and, therefore, did not require review by a state medical review panel.
In Lugenbuhl v. Dowling, 96-1575 (La.10/10/97); 701 So.2d 447, from which we quote at length, the Louisiana Supreme Court had occasion to address the question of proceeding under a theory of medical battery:
This court [in Pizzalotto v. Wilson, 437 So.2d 859, 865 (La.1983)], concluding that the doctor removed the patient's reproductive organs without obtaining her implied or expressed consent to that operation, held that the doctor committed a battery and remanded the case to the court of appeal to determine the damages due for that tort.
* * * * * *
Liability in the Pizzalotto case was based on commission of a "battery" because the doctor, although obtaining consent to perform a laparotomy and to unbind the adhesions and fulgurate the endometrioma, performed other anticipated procedures for which he did not have consent. We deem it appropriate to clarify now the use of the term "battery" in the Pizzalotto case.
While the early development of liability for failing to obtain informed consent was based on concepts of battery or unconsented touching, the imposition of liability in later cases has been based on breach of a duty imposed on the doctor to disclose material information in obtaining consent. Such a breach of duty by the doctor results in liability based on negligence or other fault. While perhaps the performance of a medical procedure without obtaining any kind of consent, in the absence of an emergency, technically constitutes a battery, liability issues involving inadequate consent are more appropriately analyzed under negligence or other fault concepts. See W. Page Keeton et al., Prosser and Keeton on the Law of Torts 190 (5th ed. 1984) ("Beginning *1065 around 1960, however, it began to be recognized that the matter was really one of the standard of professional conduct, and so negligence has now generally displaced battery as the basis for liability"); 1 Fowler V. Harper et al., The Law of Torts § 3.10 & nn. 36-38 (3d ed. 1997) ("The problem of informed consent is essentially one of professional responsibility, not intentional wrongdoing, and can be handled more coherently within the framework of negligence law than as an aspect of battery."); 4 Stuart M. Speiser et al., The American Law of Torts § 15.71 n. 21 (noting that "more and more courts have turned to the theory of negligenceprofessional malpracticeas the basis for suits predicated on lack of informed consent"); David W. Robertson et al., Cases and Materials on Torts 608 n. 1 (1989) ("modern courts analyze the adequacy of consent as a question of negligence, not battery"); 3 David W. Louisell & Harold Williams, Medical Malpractice § 22.03[2] (1997); Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 2-9(a) (1996) ("most modern authorities now treat lack of informed consent as a negligence, i.e., malpractice matter"); Natanson v. Kline, 186 Kan. 393, 350 P.2d 1093 (1960); Woolley v. Henderson, 418 A.2d 1123 (Me. 1980).
The Louisiana Legislature has also specified the theory of recovery in lack of informed consent claims as properly based on traditional fault theories, apparently to bring such claims under the Medical Malpractice Act. By La. Acts 1990, No. 1093, the Legislature amended La.Rev.Stat. 40:1299.40 to add Subsection E, which establishes the Louisiana Medical Disclosure Panel to determine the risks and hazards related to medical care and surgical procedures that must be disclosed to the patient. Pertinent to the present discussion, Subsection 1299.40 E(2)(a) provides:
In a suit against a physician or other health care provider involving a health care liability or medical malpractice claim which is based on the failure of the physician or other health care provider to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or other health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent. (emphasis added).
We therefore reject battery-based liability in lack of informed consent cases (which include no-consent cases) in favor of liability based on breach of the doctor's duty to provide the patient with material information concerning the medical procedure.
Lugenbuhl v. Dowling, 96-1575 at pp. 6-9; 701 So.2d at 451-53 (footnote omitted). Therefore, we find the trial court erred in finding plaintiff's claim to be one based on a battery.
Pursuant to La. R.S. 40:1299.39.1 A(1)[3] and B(1)(a)(i),[4] the claims brought by Mr. Banks must be presented to a state medical review panel. The dilatory exceptions of prematurity and lack of subject matter jurisdiction are proper; they must be maintained, and plaintiff's suit must be dismissed as to the State.
For the reasons assigned, the judgment is reversed, the exceptions of prematurity and lack of subject matter jurisdiction are maintained, and plaintiff's suit as against the State of Louisiana, through the Louisiana Health Care Authority and Earl K. Long Medical Center is dismissed without prejudice at plaintiff's cost.
REVERSED.
NOTES
[1] The Louisiana Health Care Authority was incorrectly identified as the State of Louisiana through the Department of Health and Hospitals in plaintiff's original and first supplemental and amending petitions.
[2] La. R.S. 40:1299.39.1 A(1) provides, in pertinent part:

All malpractice claims against the state, its agencies, or other persons covered by this Part... shall be reviewed by a state medical review panel established as provided in this Section....
[3] See supra note 2.
[4] La. R.S. 40:1299.39.1 B(1)(a)(i) provides: "No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant's complaint has been presented to a state medical review panel established pursuant to this Section."